[L. A. No. 29513.   In Bank.   Jan. 25, 1968.]

CALIFORNIA COMPENSATION & FIRE COMPANY, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD, JANET RAE SCHICK et al., Respondents.

McConnell & Cramoline, Carl G. Cramoline and Lawrence Kirk for Petitioner.

Everett A. Corten, Edward A. Sarkisian and Bruce P. Wolfe for Respondents.

MOSK, J.—Mrs. Lillian A. Schick, while performing duties for her employer, was shot and killed by her former husband, Carl Schick. The Workmen's Compensation Appeals Board (hereinafter board) found that Mrs. Schick's fatal injuries were sustained in the course of and arose out of her employ-

ment, and awarded compensation to her dependent daughter. The insurance carrier for the employer (petitioner), contending that the assault did not arise out of her employment because it was motivated by a personal grievance, seeks review of the board's decision.

A manufacturer of table pads employed Mrs. Schick to measure customers' tables for the purpose of fabricating pads of suitable dimensions. The pads were purchased by customers through a retail store, which would call the employer when a customer wished to place an order, and the employer would send Mrs. Schick to the home of the purchaser to take measurements.

The principals in this tragedy were divorced in 1962. In 1965, Schick learned that Mrs. Schick planned to remarry, and he threatened to kill her and commit suicide. Diabolically scheming to effectuate his threats, he rented an apartment under an assumed name, and on April 8, 1965, telephoned a department store to order a table pad, requesting that someone be sent to measure his table. The store relayed the request to Mrs. Schick's employer, who sent her to the apartment at an arranged time. When she appeared at the door Schick shot her and thereafter committed suicide.

The board found that Mrs. Schick's death arose out of her employment because "the employment contributed to . . . [her] death by placing her in an isolated location and thereby facilitating her ex-husband's assault upon her." It continued: "[H]ad her husband attempted to accomplish his purpose in a more public location, there was a chance that a rescuer might have intervened in her behalf. In view of the elaborate plans that were made to lure decedent to an isolated location it is apparent that decedent's husband recognized this possibility."

It is not controverted that the assault upon Mrs. Schick was perpetrated while she was in the course of her employment. Petitioner insists, however, that because Schick was motivated by personal ill will not directed against his ex-wife as an employee or because of her employment, her death cannot be said to arise out of her employment, i.e., that the law should look solely to the underlying motivation for an assault in order to determine whether the injury arose out of the employment and that if the motive of the person causing the injury is solely personal in nature, it cannot be said to arise out of the employment.

■ Section 3600 of the Labor Code provides as a condition of compensation that an injury to an employee must arise out of his employment. This requirement refers to a causal connection between the employment and the injury. (*Scott* v. *Pacific Coast Borax Co.* (1956) 140 Cal.App.2d 173, 178 [294 P.2d 1039].)

The board properly relied upon *Madin* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 90 [292 P.2d 892], as being dispositive of the case at bar. In *Madin,* the employees were a husband and wife who were on 24-hour duty as caretakers and managers of rental property owned by their employer. They were injured when a bulldozer, which was being used on property in the neighborhood, was started by some boys and pushed through the walls of their bedroom. Neither the bulldozer nor the boys were under control of the employer. In finding that the injury arose out of the employment, this court held that a sufficient causal connection between the injury and the employment is shown where the employment was a contributory cause of the injury, that where the injury occurs on the employer's premises while the employee is in the course of his employment the injury also arises out of the employment unless the connection is so remote from the employment that it is not an incident thereof, and that an injury can arise out of the employment even though the employer had no connection with or control over the force which caused the injury. It was also held that an injury is compensable where the employee is brought into a position of danger by the employment even though the risk could not have been foreseen by the employer, and, finally, that reasonable doubts as to whether an injury is compensable are to be resolved in favor of the employee.

In *Wiseman* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 570 [297 P.2d 649], these principles were held to permit compensation to the family of an employee who was burned to death as a result of careless smoking in a hotel room while in the course of his employment. The decision was based on the fact that the employee's injuries were sufficiently connected with the employment to be said to arise therefrom.

■ In the instant case, the board's conclusion that Mrs. Schick's employment contributed to her death is amply supported by the evidence. There can be no doubt that her duties placed her in an isolated location, that the nature of her work was a factor in the husband's elaborate scheme and at the

very least facilitated the assault, and that this was a contributory cause of her death. As the board suggested, if Schick had attempted to accomplish his purpose in a more public place, a rescuer might have intervened in Mrs. Schick's behalf. We cannot say that the assault upon her was so remotely connected with her employment that as a matter of law it must be held not to arise therefrom.

Even if, arguendo, the issue is debatable, we are bound by the fundamental principle that to effectuate the purposes of the compensation statute, all reasonable doubts as to whether an injury is compensable are to be resolved in favor of the employee.

That the grievance which impelled Schick to commit the homicide originated in events unrelated to Mrs. Schick's employment does not vitiate the foregoing conclusion. In *Western Greyhound Lines* v. *Industrial Acc. Com.* (1964) 225 Cal.App.2d 517 [37 Cal.Rptr. 580], a female bus driver was assaulted by a stranger with whom she refused to converse in a restaurant during a layover between trips. It was held that her injuries arose out of and in the course of her employment despite the fact that the attack was motivated by a personal grievance unconnected with her duties.

*Lykins* v. *Industrial Acc. Com.* (1960) 25 Cal. Comp. Cases 194 [waitress shot by her former husband in the restaurant where she worked] and *Howard* v. *W.C.A.B.* (1966) 31 Cal. Comp. Cases 358 [bartender attacked by the husband of a cocktail waitress while leaving his place of employment] are both distinguishable, since in the first case the assault occurred merely by chance during working hours at the place of employment and in the second the employment did not place the claimant in a position of danger. In the instant case, the very nature and performance of the employee's duties contributed to and facilitated the commission of the assault. Cases from other jurisdictions give us no guidance, for they are in conflict as to whether a privately motivated assault is compensable where its commission was facilitated by the employment. (See 1 Larson, Workmen's Compensation Law (1966) pp. 135-137, 178-184.)[1]

---

[1]Three cases cited by petitioner were decided prior to adoption of the *Madin* rule: *Royal Indem. Co.* v. *Industrial Acc. Com.* (1923) 192 Cal. 675 [221 P. 371]; *Bryden* v. *Industrial Acc. Com.* (1923) 10 Ind. Acc. Com. 283; *Setrakian* v. *Industrial Acc. Com.* (1923) 10 Ind. Acc. Com. 273.

There is no sound reason to deny compensation to an employee whose duties expose her to a peculiar risk of assault merely because the assailant was motivated by personal animus. Had Mrs. Schick gone to the home of a customer whom she had not met before and had he committed an assault upon her for purely personal reasons unconnected with her employment, there seems to be no doubt that she would have been entitled to compensation. The mere fact that the "customer" was her former husband who had arranged an elaborate ruse to facilitate the commission of the assault does not, under the rationale of *Madin*, exclude her employment as a contributory cause or vitiate the implied finding of the board that the assault was sufficiently connected with her employment to be an incident thereof.

The award is affirmed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.