In the Matter of the Claim of MARIE S. DONNELL, Respondent, v. WACCABUC COUNTRY CLUB et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision which awarded compensation for disability resulting from accidental injuries sustained in a motor vehicle accident, the sole issue being whether the injuries arose out of and in the course of the employment. Claimant, employed as a lifeguard during the summer months, reported for work at the beach at the employer's country club at 9:30 A.M. on an August day. It had been raining and was drizzling; there was no one on the beach; and when it began to rain again, claimant left to drive some two and one-half miles to her grandparents' home, where she was living for the summer. The accident occurred on her way there. As appears from the uncontradicted testimony of claimant and that of her supervisor, the waterfront director, claimant proceeded in all respects in accordance with

"standing orders", as they were termed by the director, who testified that the lifeguards were permitted to leave when bad weather prevented the use of the beach facilities, but were required, "in case the weather should clear up during the day * * * to stay where they could be called, could be reached". Claimant testified that she left with the "intention to follow the instructions to go home and stay by the telephone in case they called [her] to come back"; that the accident occurred during her regular work hours; and that she was paid for that time, her compensation being a flat sum for the season. The board properly found that "since the weather was rainy, claimant was permitted to go home, to be on stand-by duty in the event the weather changed * * * that claimant's injury on August 26, 1965, arose out of and in the course of employment. Claimant was paid her regular wages for this day and the injury occurred while she was proceeding to her home where she could be reached in the event of any recall to duty." Directly in point is *Matter of Duffy* v. *Levine* (275 App. Div. 735, mot. for lv. to app. den. 299 N. Y. 798) in which was affirmed an award to a chauffeur who, after driving his employer to an office, to return at a specified hour, went to the house of a relative some distance away, the understanding being that the employer would telephone him there if he needed him earlier. The claimant fell on the street near his relative's house and was injured. We held that: "The control by employer of claimant's activity thus continued during this period of waiting and 'free time' to such an extent that the injury must be treated as occurring in the course of employment." To the same effect was our holding in *Matter of Carroll* v. *Provenzano* (23 A D 2d 134), which involved an employee who worked a Sunday shift in substitution for an employee on vacation, not ordinarily permitted to take time for lunch off the premises. The employer told the substitute employee, however, to go home for lunch "and if I get busy, I'll call you" and in affirming an award predicated on a sidewalk accident sustained by the employee on returning from lunch, we held that "the lunch period expressly directed by the employer was co-ordinated with the operation of the enterprise in which he was engaged by subjecting the claimant to continuous recall in the event that his services were in the meantime required. Control thus exercised over the employee by the employer, in part at least for the latter's advantage, warranted the conclusion that the employment was not interrupted at the time of the accident and provided substantial justification for the board's finding that claimant's injury arose out of and in the course of his employment" (p. 136). The "special circumstances" present in *Carroll* (supra, p. 136) and in the case before us did not exist in *Matter of Smith* v. *Parkchester Gen. Hosp.* (293 N. Y. 824), upon which appellants mistakenly rely, *Smith* involving a daily routine and a rest period not markedly different from an ordinary luncheon break. Appellants' textbook citation (1 Larson, Workmen's Compensation Law, § 16.12, p. 264) is similarly inapropos, the context indicating, not the special circumstance that distinguishes the case before us, but the daily routine of an always-on-call employee. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gibson, P. J.