**Denise JOHNSON**

v.

**DRUMMOND, WOODSUM, PLIMPTON & MacMAHON, P.A., et al.**

Supreme Judicial Court of Maine.

Argued Nov. 19, 1984.

Decided April 11, 1985.

Hunt, Thompson & Bowie, James M. Bowie, Marc V. Franco (orally), Portland, for plaintiff.

Richardson, Tyler & Troubh, Eve H. Cimmet (orally), Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

ROBERTS, Justice.

Denise Johnson appeals from a decision of the Appellate Division of the Workers' Compensation Commission upholding the commissioner's denial of her petition for an award of compensation. Johnson sought compensation for injuries resulting from a gunshot wound inflicted at her place of employment. We affirm the Appellate Division's decision that her injuries did not arise out of her employment as required by the Workers' Compensation Act.[1]

---

1. 39 M.R.S.A. § 51(1) (Pamph.1984) provides in pertinent part:

> **1. Entitlement.** If an employee who has not given notice of his claim of common law or statutory rights of action, or who has given the notice and has waived the same, as provided in section 28 receives a personal injury arising out of and in the course of his employment ..., he shall be paid compensation and furnished medical and other services by the employer who has assented to become subject to this Act.

That Johnson's injury occurred in the course of her employment is not disputed.

## I.

Denise Johnson was shot by her estranged husband in the reception area of her place of employment, the law firm of Drummond, Woodsum, Plimpton & MacMahon, P.A. On several occasions prior to that date, Johnson's husband had attempted to contact her either in person or by telephone at her place of employment, and she refused to speak to or see him on each occasion. Johnson asked the receptionists for Drummond, Woodsum to advise her husband that she was unavailable.

As a result of these incidents, Drummond, Woodsum's office manager, Denise Brown, counseled Johnson in such a way that she felt obligated to take her estranged husband's telephone calls and/or to meet with him and not to use the office personnel as a buffer between herself and her husband. Brown testified that Johnson assured her that Johnson's estranged husband would not attack Johnson.

Because Johnson had taken steps to avoid her husband during nonworking hours, the only place where he was sure to make personal contact with her was at the law firm. On July 11, 1980, Johnson's husband appeared at the office and demanded to see his wife. His request was transferred by the receptionist to Johnson, who proceeded to meet her husband. Following a short, calm conversation in the reception area, Mr. Johnson pulled out a gun and shot his wife and then himself. Denise Johnson sustained serious injuries.

## II.

Johnson notes that the hearing commissioner rejected her claim on the ground that the assault did not occur "because she was at work." This, contends Johnson, is a misapplication of the law. Johnson first argues that the reasoning of *Chase v. White Elephant Restaurant*, 418 A.2d 175 (Me.1980), is applicable to the instant situation. There, we stated:

> [F]or the injury to have arisen out of the employment, the conditions of the worker's employment must contribute to the creation of an environment in which the potential of an assault is reasonably foreseeable.

418 A.2d at 176. Johnson urges that the commissioner found facts indicating not only that an assault was reasonably foreseeable, but that the employer, through its office manager, had in fact inquired into the possibility of an assault. The record, however, does not indicate that the office manager foresaw an assault, but rather that Mr. Johnson was merely "disruptive" when he came into the office. In fact, Johnson had told the office manager that she did not think an assault was imminent. Moreover, foreseeability is not an aspect of the compensation law requirement of "arising out of." *Comeau v. Maine Coastal Services*, 449 A.2d 362, 366 (Me.1982) (citing 1 A. Larson, *The Law of Workmen's Compensation* § 6.60 (1978)).

Johnson next argues that in *Comeau* we listed a variety of considerations for finding work-connection that would warrant an award of compensation in this case. Johnson contends that out of eight considerations that the *Comeau* opinion listed, the following four pertain to the instant case:

(1) whether at the time of the injury the employee was promoting an interest of the employer or the activity of the employee directly or indirectly benefited the employer;

(2) whether the activities of the employee work to the benefit or accommodate the needs of the employer;

. . . .

(5) whether the hazard or causative condition can be viewed as employer or employee created; and

. . . .

(8) whether the injury occurred on the premises of the employer.

*Comeau*, 449 A.2d at 367 (citations omitted).

Johnson urges that when these four considerations are applied to the facts of this case, the commissioner is compelled to find that the assault arose out of her employ-

ment. We disagree. Johnson asserts that she was promoting the interests of her employer in that she was instructed by Brown, the office manager, to see her husband in order to prevent disruptions to the office. Johnson's injury, however, was a consequence of her personal life in general and was unrelated to her work activity. She created the circumstances that assured the harm could happen only at work. Moreover, Johnson misinterprets our opinion in *Comeau*. There, we described "a variety of considerations" as illustrative of the factors to be weighed by the commission. *Comeau*, 449 A.2d at 367. We expressly disclaimed an intention to "create a dispositive checklist." *Id.* We conclude, in any event, that none of the factors compel a finding that Johnson's injuries arose out of her employment.

Johnson cites cases such as *Gorings v. Edwards*, 222 So.2d 530 (La.App.1969), and *Rogers v. Aetna Casualty & Surety Co.*, 173 So.2d 231 (La.App.1965), for the proposition that other courts have found that assaults arising out of domestic or personal disputes arise out of one's employment when the assault occurs while the claimant is engaged in the employer's business. However, both *Rogers* and *Gorings* rest on a "but for" type of analysis applied only in Louisiana.[2]

Other cases cited by Johnson are equally unpersuasive. Without deciding whether we would reach the same result, we determine that the cases are distinguishable. In *Carter v. Penney Tire & Recapping Co.*, 261 S.C. 341, 200 S.E.2d 64 (1973), compensation was awarded when an employee was shot after he had told his employer of a personal threat by another, but there the employer had told the employee to return to work. The employer had complete knowledge of the impending danger and

full protection was guaranteed the employee by the employer. In *Murphy v. Workers' Compensation Appeals Board*, 86 Cal. App.3d 996, 150 Cal.Rptr. 561 (1978), the reason for the compensable shooting was that the husband did not want the wife to work and did not want her to work at the job in question. The court emphasized the following facts:

> [N]ot only was the place of employment a focus of the assailant's scheme but the employer knew it, knew the precise day and place that the attack would take place, failed to warn the employee of the specific threat to kill the next day, and refused to grant her repeated requests for a leave of absence or transfer.

86 Cal.App.3d at 1000, 150 Cal.Rptr. at 564. Finally, in *California Compensation and Fire Company v. Workmen's Compensation Appeal Board*, 68 Cal.2d 157, 65 Cal. Rptr. 155, 436 P.2d 67 (1968), the employee's regular job duties entailed going to private homes to measure tables for custom-made table pads sold by her employer. The injured employee's former husband, using an assumed name, arranged to have her employer send her to his apartment, where he killed her.

The predominant and controlling principle is as follows:

> When the animosity or dispute that culminates in an assault is imported into the employment from the claimant's domestic or private life, and is not exacerbated by the employment, the assault does not arise out of the employment under any test.

1 A. Larson, *The Law of Workmen's Compensation* § 11.21 at 3–245 to 3–251 (1985). Of the many cases cited for this proposition, *Epperson v. Industrial Commission*,

---

2. Professor Larson calls these Louisiana cases "erroneous decisions" that "put Louisiana completely in a class by itself." 1 A. Larson *Workmen's Compensation* § 11.21 at 3–256, 3–258 (1985). For example, in *Gorings* the claimant was assaulted on his employer's premises while walking to a turnstile through which he had to pass to punch a time clock. His assailant was

the husband of a woman with whom he had been carrying on an affair. Compensation was awarded. Larson concludes that the result of the holding is that in Louisiana "absolutely any personal assault under any circumstances becomes compensable if it occurs within the time and space limits of the employment." *Id.* at 3–259.

26 Ariz.App. 467, 549 P.2d 247 (1976), is particularly noteworthy. In that case, a female employee was shot by her husband at her place of employment. The security guard at the work place had knowledge of Mrs. Epperson's marital problems and of her wish to have her husband kept away. The conversation between the couple just prior to the shooting was calm, however, and there was no indication of any need of assistance. The court ruled that in the circumstances, the employee could not justifiably expect or rely upon the employer for protection.

Because we find ample support in the record for the conclusion that Johnson's assault was imported into her employment from her private life and was not exacerbated by her employment, we affirm the denial of compensation.

The entry is:

Judgment affirmed.

It is further ordered that the employer pay to the employee an allowance of $550.00 for her counsel fees, plus her reasonable out-of-pocket expenses for this appeal.

All concurring.