[No. F006741. Fifth Dist. Oct. 16, 1986.]

JOE L. GONZALEZ, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
COUNTY OF TULARE, Respondents.

## COUNSEL

Miles, Sears & Eanni and Gerald J. Maglio for Petitioner.

Emerson, Yrulegui & Igoa and Joseph A. Igoa and William K. Gielaspy for Respondents.

## OPINION

**HAMLIN, Acting P. J.—**

### STATEMENT OF THE CASE

Petitioner Joe L. Gonzalez (Applicant) filed a workers' compensation claim on November 7, 1983, arising out of a May 14, 1980, injury. On May 25, 1984, the workers' compensation judge (WCJ) determined that Applicant's injury arose out of and in the course of his employment and that Applicant's claim is not barred by the statute of limitations.

After granting reconsideration, the Workers' Compensation Appeals Board (Board) set aside the prior award and held that Applicant's injury did not arise out of or in the course of employment and, therefore, the statute of limitations issue was moot.

On April 15, 1986, this court granted Applicant's petition for writ of review.

### STATEMENT OF THE FACTS

In 1980 Applicant was employed by Tulare County (County) as a detective in the violent crimes unit of the sheriff's office. In this position Applicant was required periodically to be on standby duty so that, in the event of need, he would be available for immediate call. While on standby, Applicant was paid 10 percent of his regular salary if he was not called; however, if called he was compensated at his regular hourly wage. Standby duty required Applicant to be available for contact by telephone or radio and to be in such mental and physical condition and in such proximity to the County vehicle assigned for his use as to be able to respond to the call within a reasonable time.

On May 14, 1980, following his regular shift and while on standby duty, Applicant drove his assigned vehicle from his place of work to a softball game between the Tulare County Sheriff's office and the Kings County Sheriff's office. While playing in the game with the consent of his supervisor, he injured his left leg.

Applicant requested his supervisor to report the incident as an industrial injury. He did not file a workers' compensation claim at the time of his injury because he felt he could take care of his injury; he did not think his injury was going to be as serious as it turned out to be. He did not discuss with any supervisor whether he should file a claim, and no one told him not to file.

On May 15 or 16, 1980, while Applicant was in the hospital because of his injury, he consulted the attorney who represents him on the claim he eventually filed. The attorney was at the hospital visiting another officer at the time. In their discussion, the attorney mentioned a claim, and Applicant told the attorney he would contact the attorney later if he wanted to pursue a claim. Applicant was not told he might lose his right to benefits if he did not file a claim within one year from the date of injury.

In November 1983 Applicant filed a claim after he suffered further complications and disability which he believed to be related to his May 1980 injury.

## DISCUSSION

### I.

*Compensable Injury*

■ "To be compensable [under section 3600 of the Labor Code],[1] an injury must not only be sustained 'in the course of employment' and during the performance of service, but must also be one 'arising out of' and 'proximately caused by' the employment." (2 Hanna, Cal. Law of Employee Injury and Workmen's Compensation (2d ed. 1984) § 10.01[1].) Generally, "in the course of employment" refers to the time and place of the injury. (*Argonaut Ins. Co.* v. *Workmen's Comp. App. Bd.* (1967) 247 Cal.App.2d 669, 676 [55 Cal.Rptr. 810].) The requirement that the injury arise out of and be proximately caused by the employment refers to a causal connection between the employment and the injury. (See *California Comp. & Fire Co.* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 157, 160 [65 Cal.Rptr. 155, 436 P.2d 67].)

■ Here, the Board concluded that Applicant's injury neither arose out of nor in the course of his employment. It stated that section 3600, subdivision (a)(8) was controlling. That statute reads: "(a) Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as otherwise specifically provided in Sections 3602, 3706, and 4558, shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation concur:

" . . . . . . . . . . . . . . . . . . . . . . . . .

"(8) Where the injury does not arise out of voluntary participation in any off-duty recreational, social, or athletic activity not constituting part of the employee's work-related duties, except where these activities are a reasonable expectancy of, or are expressly or impliedly required by, the employment. The administrative director shall promulgate reasonable rules and regulations requiring employers to post and keep posted in a conspicuous place or places a notice advising employees of the provisions of this subdivision. Failure of the employer to post such a notice shall not constitute an expression of intent to waive the provisions of this subdivision. . . ."[2]

---

[1]Further statutory references are to the Labor Code unless otherwise indicated.

[2]This statutory provision was added by Statutes 1978, chapter 1303, section 5, page 4262 as section 3600, subdivision (h). It was amended without substantial change to its present form by Statutes 1982, chapter 922, section 4, page 3365.

The Board considered the controlling statute as requiring it to determine whether Applicant's participation in the softball game in which he was injured was a "reasonable expectancy" of his employment. Relying on *Ezzy v. Workers' Comp. Appeals Bd.* (1983) 146 Cal.App.3d 252 [194 Cal.Rptr. 90], the Board ruled that Applicant's participation was not a reasonable expectancy and set aside the prior award.

While we accept as supported by substantial evidence the Board's determination that participation in the softball game was not a reasonable expectancy of Applicant's employment,[3] that determination under section 3600, subdivision (a)(8) is relevant and dispositive only if Applicant was *off duty* when he participated in the softball game. The undisputed facts of this case present a close question on this issue.

■ Where, as here, there is no real dispute as to the facts, the question of whether an injury was suffered in the course of employment is one of law. A finding on that question is not binding on this court. (See *Dimmig v. Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 860, 864 [101 Cal.Rptr. 105, 495 P.2d 433].)

Prior to the addition to section 3600 of what is now subdivision (a)(8), section 3600 did not specifically refer to athletic or recreational activities. Legislative history pertinent to the applicability of the added subdivision in this case is reviewed in *Ezzy v. Workers' Comp. Appeals Bd., supra,* 146 Cal.App.3d at page 261: "Section 3600, subdivision (h), now section 3600, subdivision (a)(8), originated as Assembly Bill No. 2555 (1977-1978). The bill analysis prepared by the Assembly Committee on Finance, Insurance, and Commerce when that committee heard Assembly Bill No. 2555 stated '[t]he thrust of [the proposed legislation] appears to overrule . . . *Goodman v. Fireman's Fund American Insurance Company* (1974) 74 OAK 49472, [which] found that a water skiing injury to an airline stewardess during a four-day layover in Tahiti was an employment-related injury' and therefore compensable. According to the bill analysis, the legislation was also intended to overrule *Lizama* v. *Workmen's Comp. Appeals Bd.* (1974) 40 Cal.App.3d 363 . . ., which held compensable an injury to a janitor, who, after receiving permission from his employer, used a company power saw after work hours. The committee report emphasized that the activities were held compensable because they were reasonably foreseeable or expectable in the work setting.

---

[3]The Board's findings were: "It is doubtful that Applicant subjectively believed that participation in the game was expected by his employer [County]. But even if he had such a subjective belief, that belief is objectively unreasonable. He felt 'peer pressure' to play but was not ordered to play. We believe that the primary motivation was personal desire and satisfaction, not a belief that participation was expected by his employer [County]."

"Section 3600, subdivision (a)(8) was therefore intended to draw a brighter line delimiting compensability by replacing the general foreseeability test with one of 'reasonable expectancy' of employment."

In both cases which the added subdivision of section 3600 was intended to overrule there can be no doubt the employee awarded workers' compensation benefits was off-duty when injured. In each such case the employee at the time of injury was not on standby duty, he or she was not subject to employer control, the employer did not consent to the employee activity in which injury occurred, nor did the employer derive any benefit from that activity.

Here, nothing indicates Applicant was off duty at the time of his injury. He was on standby duty and was being compensated at the rate of 10 percent of his regular salary pursuant to his contract of employment. Such compensation should be considered substantial. (See *Zenith Nat. Ins. Co.* v. *Workmen's Comp. App. Bd.* (1967) 66 Cal.2d 944, 948 [59 Cal.Rptr. 622, 428 P.2d 606].)

During the standby period Applicant was required to be available for contact by telephone or radio and to be in such mental and physical condition and in such proximity to his assigned vehicle as to be able to respond to a call within a reasonable time.

That Applicant's activities while on standby duty were substantially controlled by County is further evidenced by Applicant's seeking and obtaining the consent of his supervisor before participating in the softball game in which he was injured. Then he continued to recognize that control by keeping his radio receiver with him while he played in the game.

We believe the requirements to which Applicant was subjected while on standby duty are consistent with Applicant being on light or limited duty during that time. (See *Donnell* v. *Waccabuc Country Club* (1968) 29 App.Div.2d 1022 [289 N.Y.S.2d 534].) Applicant's obligation to be on standby periodically and to be subject to standby requirements were terms of his employment contract. Even time that normally would be considered off-duty time can be converted to on-duty time by the scope of the employer requirements the employee must satisfy. (See *Carrillo* v. *Workers' Comp. Appeals Bd.* (1983) 149 Cal.App.3d 1177, 1180, 1181 [197 Cal.Rptr. 425].)

Since Applicant participated in the softball game in which he was injured while he was on limited or minimal duty, the Board erred in setting aside Applicant's workers' compensation award under section 3600, subdivision

(a)(8). By its terms that provision applies only to *off-duty* recreational or athletic activity.

The same undisputed facts which place Applicant in a light or limited duty status at the time he participated in the softball game cause us to conclude as a matter of law that Applicant's injury arose out of and in the course of his employment. Applicant was injured while he was on standby duty and engaged in an activity at a place to which the County had consented so as to establish a causal connection between his employment and his injury. (See *Argonaut Ins. Co.* v. *Workmen's Comp. App. Bd., supra,* 247 Cal.App.2d at p. 676 and *California Comp. & Fire Co.* v. *Workmen's Comp. App. Bd., supra,* 68 Cal.2d at p. 160.) The conclusion we have reached is consistent with the Legislature's direction in section 3202 that courts "construe the entire Workers' Compensation Act 'with the purpose of extending their benefits for the protection of persons injured in the course of their employment.' This clause requires the courts to view the legislation from the standpoint of the injured worker, with the objective of securing for him the maximum benefits to which he is entitled." (*Quinn* v. *State of California* (1975) 15 Cal.3d 162, 170 [124 Cal.Rptr. 1, 539 P.2d 761].)

## II.

### *Statute of Limitations*

County also contends Applicant's workers' compensation claim is barred by the statute of limitations because Applicant first filed it more than one year after the date of injury. Section 5405 provides: "The period within which may be commenced proceedings for the collection of the benefits provided by Articles 2 or 3, or both, of Chapter 2 of Part 2 of this division is one year from:

"(a) The date of injury; or

"(b) The expiration of any period covered by payment under Article 3 of Chapter 2 of Part 2 of this division; or

"(c) The date of last furnishing of any benefits provided for in Article 2 of Chapter 2 of Part 2 of this division."

Although this same defense was asserted at the hearing before the Board, the WCJ rejected it because he concluded County's failure to notify Applicant of his workers' compensation rights tolled the statute of limitations. Applicant concedes the WCJ erred in so ruling. This concession is dictated by our Supreme Court's decision in *Kaiser Foundation Hospitals* v. *Workers'*

*Comp. Appeals Bd.* (1985) 39 Cal.3d 57 [216 Cal.Rptr. 115, 702 P.2d 197], filed after the WCJ's decision. ■ There the court made clear that any tolling period based on the employer's failure to give the requisite notice ends at such time as the employee gains knowledge of his workers' compensation rights. In this case Applicant became aware of his rights through his discussions with his attorney while he was in the hospital as a result of his injury in May 1980.

Since the Board on reconsideration set aside the prior award based on its conclusion that Applicant's injury did not occur in the course of his employment, it considered the statute of limitations issue moot. Thus the case is before us without the Board having made a factual determination whether or not Applicant's claim for workers' compensation benefits was timely filed under section 5405.

Applicant now contends County failed in the proceedings before the Board to establish that his claim was filed more than one year from the date he last received medical benefits as required by subdivision (c) of section 5405. He points out that under section 5409 the running of the statute of limitations is an affirmative defense. Consequently, County had the burden to establish that the time for filing Applicant's claim had elapsed from all three dates designated in section 5405. (*Colonial Ins. Co.* v. *Ind. Acc. Com.* (1945) 27 Cal.2d 437, 441 [164 P.2d 490].) Specifically, Applicant contends: (1) the record reveals that some of Applicant's medical bills were paid by County under its group health plan administered by the same office as administers workers' compensation benefits; (2) County's contributions to Applicant's insurance coverage constituted benefits furnished under section 5405, subdivision (c);[4] and (3) it is impossible to determine from the record when Applicant's last medical bill was paid or when County ceased contributing to Applicant's insurance coverage.

We agree the record establishes that some of Applicant's medical expenses were paid by County under its group health plan but not when each such expense was paid or during what periods County contributed to Applicant's insurance coverage. County argues that any such deficiency in proof is attributable to the stipulation of counsel at the initial hearing before the WCJ that no compensation had been paid to Applicant. County contends the term "compensation" as used in the stipulation must be construed under section 3207 to include every benefit or payment by the employer, including medical benefits.

---

[4]Section 4600 (in art. 2, ch. 2 of pt. 2 of the division of the Labor Code in which § 5405 appears) provides that the employer must furnish all "[m]edical, surgical, chiropractic, and hospital treatment . . . which is reasonably required to cure or relieve from the effects of the [industrial injury] . . . ."

█ In evaluating Applicant's contentions as to the running of the statute of limitations, we note first that several cases have held that if an employer or its compensation carrier, knowing of a potential claim, furnishes treatment or advances sums for any purpose relating to an industrial injury, such benefits will be deemed to have been given under the Labor Code so as to toll the statute of limitations. (*Bulger* v. *Industrial Acc. Com.* (1933) 218 Cal. 716, 724 [24 P.2d 796]; *Rendleman* v. *Industrial Acc. Com.* (1966) 242 Cal.App.2d 32, 35-37 [50 Cal.Rptr. 923]; *Morrison* v. *Industrial Acc. Com.* (1938) 29 Cal.App.2d 528, 537 [85 P.2d 186]; *London G. & A. Co.* v. *Indus. Acc. Com.* (1928) 92 Cal.App. 298, 301 [268 P. 670].)

More specifically, under some circumstances the employer's contribution to an applicant's insurance coverage comes within section 4600. (*Mihesuah* v. *Workers' Comp. Appeals Bd.* (1972) 29 Cal.App.3d 337, 340 [105 Cal.Rptr. 561]; cf. *Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 329, 335 [137 Cal.Rptr. 878, 562 P.2d 1037].)

In light of the cases reviewed and the absence of any factual findings by the Board, especially as to the scope of the stipulation on which County now relies, and the possibility of relief from the stipulation on equitable grounds, we conclude that further consideration of this issue by the Board is required to permit meaningful review by this court.

It is therefore ordered that this cause be remanded to the Board for determination on the issue of the statute of limitations consistent with the views expressed in this opinion.

Ballantyne, J., and Papadakis (V. N.), J.,* concurred.

A petition for a rehearing was denied November 7, 1986, and the petition of respondent County of Tulare for review by the Supreme Court was denied January 15, 1987.

*Assigned by the Chairperson of the Judicial Council.