STATE OF MAINE
YORK, ss.

DONALD L. GARBRECHT
LAW LIBRARY

MAR 20 2000

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-166
GAB-YOR-3/15/2000

MARGUERITE CONNON
as Personal Representative of the
Estate of Paul Landre,

    Plaintiff

     v.

THE COLONY HOTEL
and
JOSEPH GLASCO,

    Defendants

DECISION AND ORDER

This matter is before the Court on Defendants's Motion for Summary Judgment. At issue is whether the plaintiff's wrongful death claim is covered under workmen's compensation. If compensable, the defendants are immune from liability. For reasons stated below, the motion is denied.

The facts of this case are straightforward. During the summer of 1997 Joseph Glasco and Paul Landre were employed as seasonal workers at the Colony Hotel in Kennebunkport, Maine. The two men were residing in a dormitory which the Hotel provides to employees in order to attract seasonal staff. Neither Glasco nor Landre was required to live in the dormitories, nor were they required to be available to the Hotel on an on-call basis.

On August 15, 1997, the night of the incident, Landre apparently heard loud music coming from Glasco's dormitory room. Landre went to Glasco's room to confront him, at which time Glasco shot Landre several times, killing him.

Defendants contend that the Hotel cannot be held liable in this tort action where Glasco's lethal conduct "arose out of and in and in the course of his employment." *Comeau v. Maine Coastal Services* , 449 A.2d 362, 365. In *Comeau* the Court explained that ascertaining whether a sufficient work-connection exists between the act causing the injury and the employment frequently eludes summary determination; instead it requires close analysis. *Id.* at 366. The instant case is no exception. Here the Court's analysis takes into account several factors. These include, but are not limited to:

> 1) whether at the time of the injury the employee was promoting an interest of the employer or the activity of the employee directly or indirectly benefitted the employer. 2) Whether the activities of the employee work to the benefit or accommodate the needs of the employer. 3) Whether the activities were within the terms, conditions or customs of the employment, or acquiesced in or permitted by the employer. 4) Whether the activity of the employee serves both a business and personal purpose, or represents an insubstantial deviation from the employment. 5) Whether the hazard or causative condition can be viewed as employer or employee created. 6) Whether the actions of the employee were unreasonably reckless or created excessive risks or perils. 7) Whether the activities of the employee incidental to the employment were prohibited by the employer either expressly or implicitly 8) Whether the injury occurred on the premises of the employer. *Id* at 367.

In the instant case, there is no question that the killing took place on the premises of the employer, *i.e.* the employee dormitory. The fact that the incident occurred while the parties were off- duty does not preclude compensation. For example, in *Gilbert v. Maheux,* 391 A.2d 1203 (Me. 1978) the plaintiff, a chambermaid was permitted to reside at the employer's hotel. While off-duty, the plaintiff slipped and injured herself on the hotel stairway. The Court held that where the plaintiff lived at the hotel for the convenience of the employer and was

2

continuously on-call while on the premises she was entitled to workmen's compensation.

The Court reasoned that "[e]ven though in *Brown v. Palmer Construction Company, Inc.,* Me., 295 A.2d 263, at page 266 (1972) we characterized the on-call factor as fiction and a slender reed upon which to hang the distinctive feature between certain cases, we cannot say such fact, which was of substantial benefit to the employer, was not a material incident of the employment." *Id* at 1207. The *Gilbert* Court found that under these circumstances, an off-duty employee who injures herself while making reasonable use of the employer's premises has a compensable injury. *Id* .

Like the hotel employer in *Gilbert,* the Hotel in this case has apparently benefitted from providing housing to its employees. In contrast to the employer in *Gilbert,* however, the Hotel did not enjoy the advantage of its employee's continuous availability. After Landre completed his shift, the Hotel made no further demands upon his time. If Landre had been required to reside in the dormitory and remain "on-call" his death likely would have been a compensable event.

It is true that off-premises injuries are sometimes compensable. *Brown v. Palmer Construction Co,* 295 A.2d 263 (Me. 1972) is a case in point. In *Brown* the employees were required to obtain an apartment near the out-of-state worksite for the convenience of their employer. When an exploding stove in the apartment injured the employees, the Law Court held that the employees were entitled to workmen's compensation.

3

Explaining its decision, the *Brown* Court stated that the purpose of the Workmen's Compensation Act is "to protect the employee against risks which are not purely self-created but are created by and incidental to the employment." *Id* . at 266. The plaintiffs in *Brown* were entitled to protection where "the injury had its origin in a risk created by the necessity of sleeping and eating away from home." *Id.* at 267.

The instant case is distinguishable from *Brown* because the Hotel's employees were not required to "accommodate the necessities of their employment" *Id* .at 266. Unlike the situation in *Brown*, the lethal assault that took place at the Hotel was not an unavoidable accident, such as a fire or explosion. *See Comeau* at 366.

Even if the incident didn't occur during "the course of employment", the question remains as to whether the shooting was caused or was aggravated by the employment. In pursuing its causation theory, the Hotel obviously does not try to argue that Glasco was furthering its interests by shooting and killing a fellow employee. Such an action at the very least would be reckless, a gross deviation from normal employee conduct. There is no doubt that the Hotel policy at least implicitly prohibited such illegal conduct.

Instead, the Hotel argues that the shooting was a consequence of a dispute that had developed between the two employees who had quarreled both during and outside their work. If the Hotel can demonstrate that the job was at least an contributing factor, their position becomes more tenable.

Viewing the facts in the light most favorable to the plaintiff as the non-moving party, this Court cannot find as a matter of law that the shooting incident arose out of Landre's work at the Hotel. The plaintiff has presented sufficient evidence that at the very least raises the question of whether the assault was purely personal. Likewise it is up to the factfinder to determine whether the job was an aggravating factor.

The case of *Johnson v. Drummond, Woodsum, Plimpton & MacMahon. P.A,* 490 A.2d 676 (Me. 1985) is illustrative. In *Johnson,* the plaintiff claimed she was entitled to workmen's compensation after she was shot by her husband at the law firm where she worked. The plaintiff's office manager was aware that the estranged husband had frequently attempted to contact Johnson in person or on the phone at work. Johnson had initially asked the receptionists to inform her husband that she was unavailable. After being counselled by the office manager, the plaintiff felt compelled to take these calls and/ or meet with her husband.

Despite the law firm's involvement, the Court affirmed the denial of compensation. The Court found that the "assault was imported into her employment from her private life and was not exacerbated by her employment." *Id.* at 679. The Court cited the leading Workmen's Compensation treatise: "When the animosity or dispute that culminates in an assault is imported into the employment from the claimant's domestic or private life, and is not exacerbated by the employment, the assault does not arise under any test." I A. Larson, The Law of Workmen's Compensation § 11.21 at 3-245 to 3-251 (1985) *cited in Johnson* 490 A.2d at 678.

5

After carefully reviewing the facts and considering the relevant factors, this Court does not find that the Plaintiff is entitled to workmen's compensation as a matter of law. Accordingly, the defendants' motion for summary judgment is denied.

Wherefore the entry shall be: Defendants' Motion for Summary Judgment is hereby Denied.

Date: March 15, 2000

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:    John Mcardle, III, Esq.
              CAMPBEL AND MCARDLE
              PO Box 369
              PORTLAND ME   04101


DEFENDANT:    THE COLONY INN
              Martica Douglas, Esq.
              DOUGLAS DENHAM ROGERS AND HOOD
              PO Box 7108
              Portland Me   04112-7108


DEFENDANT:    JOSEPH GLASCO
              M. Michaela Murphy, Esq.
              DAVIAU JABAR AND BATTEN
              One Center St
              Waterville   Me   04901-5495

6