EINER J. PETERSEN'S CASE.

Cumberland.    Opinion, March 10, 1942.

*Jacob H. Berman,*

*Edward J. Berman,* and

*Sidney W. Wernick,* Portland, for the petitioner.

*William B. Mahoney,* Portland, for the appellants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

THAXTER, J. This Workmen's Compensation case is before this court on an appeal by the employer and the insurance carrier from a decree awarding compensation to the petitioner.

The facts found by the commissioner may be summarized as follows. The petitioner, while engaged in his regular work, was approached by a fellow employee named Poore, who, in a spirit of horse-play threw his arms about the petitioner who attempted to free himself. In the scuffle which ensued, both fell to the floor and the petitioner suffered a fracture of the skull. The commissioner specifically found that the petitioner was the innocent victim and that his only participation in the incident was to protect himself. This finding, counsel for the respondents concede, must be accepted by this court. The crucial part of the commissioner's finding is as follows:

> "While there is evidence that there was a sign posted at the plant expressly stating that there was to be no fooling, and testimony from employees that fooling was not allowed, and that employees were warned to that effect, nevertheless, our conclusion from the evidence taken in its entirety is that, in spite of the sign and the warnings, horseplay, skylarking, and fooling were indulged in at the plant with full knowledge of the superintendent and foreman, and that, upon occasion, both the superintendent and foreman had participated in it. The employee, Poore, was a frequent offender, and his proclivities for horseplay and fooling with his fellow employees were known, or should have been known, to the superintendent and foreman."

Counsel do not seriously argue that we must not also accept this finding. There was no evidence put in by the respondents and, in accordance with well established principles, we hold that there is sufficient legal evidence to sustain the finding.

*Lynch* v. *Jutras*, 136 Me., 18, 1 A., 2d, 221; *Kilpinen's Case*, 133 Me., 183, 175 A., 314.

The respondents argue that *Washburn's Case*, 123 Me., 402, 123 A., 180, 181, is decisive of this, and that under the principle of law there laid down the petitioner's claim must be dismissed.

*Washburn's Case*, as does this, involved an accident arising in the course of the employment. The injury was the result of horse-play or fooling by a fellow employee in which incident the petitioner was innocent of any blame. The opinion lays down the rule of law that under such circumstances the injury does not arise out of the employment. With that opinion, we heartily concur. But the case before us is different. The court there recognizes that the question before it is, to use the language of the opinion, whether "the chain of causation is unbroken and perfectly fitting," and holds that an injury resulting from the independent act of another employee disconnected from the performance of any duty of the employment does not "in legislative meaning arise out of the employment." That pronouncement is but a recognition of a principle well known in the common law, that one who may have been guilty of an original act of negligence is not liable for an injury related thereto if the independent act of a third person intervenes and is in fact the proximate cause of the damage suffered. It is to this analogous principle to which the opinion in *Washburn's Case* refers in discussing " the chain of causation." In the common law action, the causal connection considered is between the wrong and the injury, in the cases arising under the Workmen's Compensation Act it is between the employment and the injury. The principle involved, however, is essentially the same. But there is another common law principle equally well recognized which has its genesis in the very reason for the rule. It is that the first wrongdoer will not be excused if the intervening act should have been foreseen. *Lane* v. *Atlantic Works*, 111 Mass., 136; *O'Brien* v. *J. G. White &*

*Co.*, 105 Me., 308, 74 A., 721; *Hawkins* v. *Maine & New Hampshire Theaters Co.*, 132 Me., 1, 164 A., 628; *Hatch* v. *Globe Laundry Co.*, 132 Me., 379, 171 A., 387. And in *Washburn's Case* the court said, page 406 of 123 Me., page 182 of 123 A., in discussing another case, *Trim Joint District School* v. *Kelley* (1914) A. C., 667, in which compensation was allowed for the death of a schoolmaster killed by two of his pupils: "Not infrequently, it may be added, becoming vigilance on the part of an employer, to whom the hazard is or ought to be known, averts disaster to his subordinate."

In the case before us, the commissioner has specifically found that horse-play and fooling were indulged in at the plant of this employer, that the employee, Poore, was a frequent offender, and that these facts were known or should have been known to the officials of the company. Citing numerous authorities, the commissioner ruled, and we think properly, that under such circumstances the injury arose out of the employment. Such holding in no respect violates the principle laid down in *Washburn's Case.*

This problem was discussed in a recent case. *Staubach* v. *Cities Service Oil Co.*, 126 N. J. L., 479, 19 A., 2d, 882, 883. The plaintiff brought suit under the Death Act, N. J. S. A. 2: 47-1, to recover for the death of her husband who was killed through the act of a fellow employee who in fun threw a liquid over him which caught fire from an acetylene torch. The gravamen of the action was, to quote the opinion, "that the company knew or should have known of the custom of the employees of throwing liquid at each other . . ." The trial judge dismissed the complaint and this ruling was affirmed on the ground that there was an exclusive remedy under the Workmen's Compensation Act. The court said, page 884 of 19 A., 2d,

"It is true that an injury resulting from an assault occurring wilfully or sportively is not a compensable accident within the meaning of the workmen's compensation act. *Hulley* v. *Moosbrugger,* 88 N. J. L. 161, 95 A.

1007, L. R. A. 1916C, 1203; Honnold on Workmen's Compensation, Vol. 1 (1918) p. 440. It is also equally true that when an employer knows of the occurrence of such assaults in the past and fails to prevent their recurrence, so that a subsequent injury, resulting therefrom, may be said to have followed, in a given case, as a 'natural incident of the work' and to have been such that it would 'have been contemplated by a reasonable person,' then it may be said to have arisen not only in the 'course of' but also 'out of' the employment and to be compensable under the workmen's compensation act."

The doctrine of this case fully supports the ruling of the commissioner in the case now before us and is in accord with the decision of every case called to our attention where a similar question has been considered. *Mascika* v. *The Connecticut Tool and Engineering Co.,* 109 Conn., 473, 147 A., 11; *In Re Loper,* 64 Ind. App., 571, 116 N. E., 324; *Kokomo Steel and Wire Co.* v. *Irick,* 80 Ind. App., 610, 141 N. E., 796; *Stuart* v. *The City of Kansas City,* 102 Kan., 307, 171 P., 913; *White* v. *The Kansas City Stock Yards Co.,* 104 Kan., 90, 177 P., 522; *Glenn* v. *Reynolds Spring Co.,* 225 Mich., 693, 196 N. W., 617, 36 A. L. R., 1464; *State Ex Rel H. S. Johnson Sash & Door Co.* v. *District Court Hennepin County,* 140 Minn., 75, 167 N. W., 283, L. R. A., 1918 E., 502; *Socha* v. *Cudahy Packing Co.,* 105 Neb., 691, 181 N. W., 706, 13 A. L. R., 513; *Myott* v. *Vermont Plywood, Inc.,* 110 Vt., 131, 2 A., 2d, 204; *Clayton* v. *Hardwick Colliery Co.,* 85 L. J. K. B., 292, 9 B. W. C. C., 136.

> *Appeal dismissed. Decree affirmed. Reasonable counsel fee and costs to be allowed appellee to be fixed by the court below.*