**David R. WOLFE**

v.

**Keith R. SHOREY and/or Hartford Accident & Indemnity Company.**

Supreme Judicial Court of Maine.

May 15, 1972.

Hewes & Parrish by Richard D. Hewes, Portland, for plaintiff.

Mahoney, Desmond, Robinson & Mahoney by Robert F. Hanson, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

One reading the record in this Workmen's Compensation case is left with the feeling the whole story has not been told.

The Industrial Accident Commissioner, after hearing, found that the appellant received a personal injury in the course of his employment but not arising out of it.

The appellant contests this latter conclusion.

An appeal from a Pro Forma Decree of a Justice of the Superior Court sustaining the Commissioner's conclusions brings the matter before us.

We conclude the Commissioner's finding was correct and deny the appeal.

David Wolfe, appellant herein, was employed by appellee Shorey to drive a truck carrying mail from Rockland to Portland.

Wolfe was a bonded driver.

It was his responsibility upon arrival in Portland to unload the mail cargo from the truck and have it checked into the Post Office after notifying a particular super-

vising postal employee of the arrival of the truck and its cargo.

On the day the injury was received the employee arrived at the Post Office, backed his truck into the loading platform and went into the Post Office, there "to tell Mr. Hayes I was in."

This trip into the Post Office was clearly in the course of his employment and the Commissioner correctly so found. The trip back out of the building and the events which then occurred are described in the appellant's own words as follows:

"A  I went back out on the platform and I met Mr. Serfes. I had spoken to him on the way in, a very short conversation, but I had spoken to him and he was coming towards me and I was—we met each other kind of face to face and I nodded to him and said, 'hi, nick,' and as I passed him why—as I spoke to him why I reached out and I tapped him more or less on the side seem—not with—only with just one finger, I mean just the back of my hand. It wasn't a blow or a push or a shove or anything that can be construed as such. It was as anyone would do normally in meeting a friend or anything and I have known him—I might add, I've known him for 2½ years, to be a good friend and everything.

Q  Then what happened?

A  Well, I took a few more steps and was headed for the truck—

Q  The Shorey truck?

A  Yes, sir. And the crew had gotten out there and was starting to unload it so I was headed in that direction and all of a sudden I was seized from behind and I—there was no warning, no words."

■  To be compensable an injury to an employee who is within the coverage of the Workmen's Compensation Act, 39 M. R.S.A. 1, et seq., must not only take place in the course of his employment but also arise out of the employment. Larou v. Table Talk Distributors, Inc., 153 Me. 504, 138 A.2d 475 (1958).

"To arise out of the employment the injury must have been due to a risk of the employment. * * * There must be some causal connection between the conditions under which the employee worked and the injury which he received. If the injury is sustained by reason of some cause that has no relation to the employment it does not arise out of it. The test is always whether or not the employee was injured as a result of a hazard of his employment." Metcalf v. Marine Colloids, Me., 285 A.2d 367 (1972).

■  The burden of proving by a fair preponderance of the evidence that the accident occurred in the course of and arose out of the employment is on the petitioner. The record is absolutely barren of any evidence from which it could reasonably be inferred that the injury which the appellant received was a result of a hazard of his employment.

As the Commissioner aptly said in his Decree:

"Had his employment exposed him to a dangerous environment we might approach this decision differently. There was no danger of assault, incident to, connected with and arising out of the use of the Post Office platform. No work related quarrel, from the evidence, gave rise to the assault. There also is no evidence that the assault was due to an emotional flare-up generated by working conditions."

The Commissioner suggests that the approach to the decision might be different if it were shown that the employment exposed Wolfe to a dangerous environment. This was an obvious reference to Mr. Justice Cardozo's opinion in Leonbruno v.

Champlain Silk Mills, 229 N.Y. 470, 128 N.E. 711 (1920).

"Whatever men and boys will do, when gathered together in such surroundings, at all events if it is something reasonably to be expected, was one of the perils of his service. * * * The claimant was injured, not merely while he was in a factory, but because he was in the factory, in touch with associations and conditions inseparable from factory life. The risks of such associations and conditions were risks of the employment." [1]

In Washburn's Case, 123 Me. 402, 123 A. 180 (1924), (a horseplay case), this Court said:

"Measured by our own standard, and by that quoted and only too gladly accepted from our mother commonwealth, it is plain that no other conclusion could possibly be attained, and that no other reason could be reasonably entertained, than that this claimant's hurt did not originate in causal or incidental connection with his employment. The injury was not a peril of that employment, nor in a just sense related to it, nor did the nature of the employment attract or invite it, nor had it association with the work as it was required to be performed. It was wholly without the scope of the employment. It was the outcome of the act of the coemployee, who, in an attempt to be what he himself considered 'funny,' was inexcusably rude and violent, and who in no wise then represented their same employer."

In Petersen's Case, 138 Me. 289, 25 A.2d 240, it was said:

"It is true that an injury resulting from an assault occurring willfully or sportively is not a compensable accident within the meaning of the workmen's compensation act . . . It is also equally true that when an employer knows of the occurrence of such assaults in the past and fails to prevent their recurrence, so that a subsequent injury, resulting therefrom, may be said to have followed, in a given case, as a 'natural incident of the work' and to have been such that it would 'have been contemplated by a reasonable person,' then it may be said to have arisen not only in the 'course of' but also 'out of' the employment and to be compensable under the workmen's compensation act."

See also Bouchard v. A. T. Sargent, Inc., 152 Me. 207, 127 A.2d 260 (1956), and Metcalf v. Marine Colloids, supra, at 369.

The appellant takes the position in his brief that (a) *Washburn* does not control the situation with which we are here concerned, and (b) that even if it does, it ought to be overruled.

In this case there is no showing in the record that:

(1) the injury the employee received was a natural incident of the work;

(2) this assault could have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, and

(3) the causative danger was peculiar to the work and not common to the neighborhood.

It is also noted that the injury did not occur on the employer's premises and was not occasioned by a co-employee of the appellant. We see no occasion to consider overruling or modifying *Washburn* on the facts here before us.

We note there are cases in some jurisdictions in which an unexplained assault has given rise to the right to compensation.

[1]. The Cardozo reasoning, which has been widely accepted, was applied for the benefit of non-participants only in later cases in New York. Frost v. H. H. Franklin Manufacturing Company, 204 App.Div. 700, 198 N.Y.Supp. 521, aff'd 236 N.Y. 649, 142 N.E. 319.

See for example, McLean's Case, 323 Mass. 35, 80 N.E.2d 40 (1948).

On the other hand a different result has obtained in other unexplained assault cases. See for example, American Brake Shoe Company v. Industrial Commission, 20 Ill. 2d 132, 169 N.E.2d 256 (1960).

The Commissioner correctly found that the employee had failed in his burden of establishing by a fair preponderance of the evidence that the injury arose out of his employment.

The entry must be,

Appeal denied. Ordered an allowance of $350.00 to cover fees and expenses of counsel to be paid by the employer to the employee.

All Justices concurring.