**Byron B. RAMSDELL**

v.

**E. D. NAPLES d/b/a Naples Packing and Commercial Union Assurance Company.**

Supreme Judicial Court of Maine.

Nov. 15, 1978.

McTeague, Higbee & Tierney by Maurice A. Libner (orally), Brunswick, for plaintiff.

Clyde L. Wheeler, P. A. (orally), Waterville, for defendant.

Before McKUSICK, C. J., and ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

Employer appeals from a pro forma decree of the Superior Court affirming an award of compensation by the Industrial Accident Commission.[1] The findings of fact made by the commissioner concerning the employee's injury may be summarized as follows:

The employee, Byron Ramsdell, worked as a meat cutter in a small room about ten feet wide and twelve feet long with co-employee Ted Crawford. A three-foot-wide meat cutting bench, running along the length of one wall, was located in the room. Crawford worked later than Ramsdell and was required to clean the room at the end of each day. Three or four times a week Crawford would walk around the room with a ten-inch steak knife attempting to slice flies out of the air. Out of concern for his own safety, Ramsdell notified his supervisor of this behavior. Nevertheless, Crawford and Ramsdell had not had any serious disagreements before the date of injury, November 7, 1977.

On that afternoon, the employee was helping Crawford fill a bucket with trimmed meat. At about 3:30, Ramsdell threw a piece of meat which hit the wall before falling into the bucket. Crawford warned Ramsdell to keep the meat from hitting the wall because he had to clean up the room. A few seconds later Crawford hit Ramsdell on the back with a strip of meat. Ramsdell, who had a piece of meat in his hand at the time, turned to Crawford whereupon Crawford drove a six-inch boning knife into his hand. The employee was told by his doctor that he could try to return to work after one month's convales-

cence but chose not to do so. Ramsdell understood that if he returned he would be required to work with Crawford. The commissioner's findings are supported by competent evidence, the testimony of the employee.

The commissioner found that the incident was not a case of horseplay but rather an assault and battery. Appellant employer challenges this finding on appeal. On the facts found by the commissioner, we must agree that the employee was a victim of an assault. Employer's assertion that the incident was horseplay instigated by the employee is derived from the testimony of Crawford, which conflicted with that of the employee. Crawford's version implied that the employee Ramsdell deliberately threw the meat against the wall. Crawford testified that after he slapped Ramsdell with the meat on the arm, Ramsdell picked up a piece of meat and swung it at him. Then, according to Crawford, he attempted to block Ramsdell's blow but neglected to drop the knife he held in his hand.

■ Confronted with a conflict in testimony, the commissioner decided to accept Ramsdell's version and in fact adopted Ramsdell's testimony in his findings. It is the function of the factfinder to assess the credibility of witnesses. *Willette v. Statler Tissue Corp.,* Me., 331 A.2d 365 (1975); *Stanley v. Petroleum Tank Service, Inc.,* Me., 284 A.2d 280 (1971). Thus, appellant employer's argument, premised on a disputed issue of fact, is easily disposed of. However, the more difficult question is whether the assault arose out of the conditions of employment.

■ To be compensable, an injury received by an employee must satisfy two separate requirements. *Boyce's Case,* 146 Me. 335, 81 A.2d 670 (1951). First, it must take place in the course of employment. In the present case, it is not contested that the employee received his injury in the course of employment. Second, the injury must

1. The name of the Industrial Accident Commission has been changed to Workers' Compensation Commission by P.L.1978, ch. 612, effective July 6, 1978.

arise out of the employment. The commissioner found that the quarrel and the assault and battery arose out of the conditions of employment.

We first defined the words "arising out of" to require that there be "some causal connection between the conditions under which the employé worked and the injury which he received." *Westman's Case,* 118 Me. 133, 143, 106 A. 532, 537 (1919). As we explained in *Metcalf v. Marine Colloids, Inc.,* Me., 285 A.2d 367, 369 (1972), if the injury is sustained by reason of some cause that has no relation to the employment it does not arise out of it. The test in such cases is whether the employee was injured as a result of a hazard of his employment. *Accord, Bouchard v. H. E. Sargent, Inc.,* 152 Me. 207, 127 A.2d 260 (1956); *Boyce's Case, supra.*

Further interpretation of the meaning of "arising out of" is provided by our past decisions. In *Washburn's Case,* 123 Me. 402, 407, 123 A. 180, 182 (1924), this Court stated that injuries resulting from horseplay and practical joking "done independently of or disconnected from the performance of any duty of the employment, do not in legislative meaning arise out of the employment."

In *Petersen's Case,* 138 Me. 289, 25 A.2d 240 (1942), also, the employee was injured by the acts of a co-employee. There, however, the employer knew or should have known that the co-employee had frequently engaged in such acts in the past. The employer's failure to prevent the recurrence of this conduct provided a causal connection between the injury and the employment. We held that the injury arose out of the employment.

The same question was again presented in the recent case of *Wolfe v. Shorey,* Me., 290 A.2d 892 (1972), where the employee, a mail truck driver, was required as a condition of his employment to go into the post office building and notify a supervisory postal employee of his arrival with a delivery. On the way out of the post office, the employee encountered an acquaintance whom he "tapped on the side" in a friendly

manner. The acquaintance responded by assaulting and injuring the employee. The commissioner found that the injury was received in the course of employment but did not arise out of the employment. He said:

"'Had his employment exposed him to a dangerous environment we might approach this decision differently. There was no danger of assault, incident to, connected with and arising out of the use of the Post Office platform. No work related quarrel, from the evidence, gave rise to the assault. There also is no evidence that the assault was due to an emotional flare-up generated by working conditions.'" *Wolfe v. Shorey, supra,* at 893.

We affirmed because there was no evidence in the record from which it could be reasonably inferred that the injury sustained by the employee was a result of a hazard of his employment.

In the present case, the commissioner made factual findings concerning the conditions of employment.

"Not only was the subject matter of the assault and dispute inherent in the employment, it was the employment that put the employee and Mr. Crawford in the cramped room; kept them there together all day, until at the end of the day tempers flared and violence exploded; placed a 6″ boning-knife in Mr. Crawford's hand; required Mr. Ramsdell to deposit his cuts of choice meat to the bucket almost inevitably involving dirting [sic] the room; which required Mr. Crawford to clean that room at the end of the day."

Findings of fact are final if supported by competent evidence and reasonable inferences drawn from that evidence. *Jacobsky v. C. D'Alfonso & Sons, Inc.,* Me., 358 A.2d 511 (1976); *Soucy v. Fraser Paper Limited,* Me., 267 A.2d 919 (1970). The inferences drawn by the commissioner in his findings were not unreasonable.

The commissioner concluded that the quarrel and assault arose out of conditions of employment. That conclusion is consistent with our past decisions since the factual

findings demonstrated a causal connection between the injury and the employment. Assaults arising out of work-related disagreements are held compensable in other jurisdictions. *E. g., Blanchard's Case,* 335 Mass. 175, 138 N.E.2d 762 (1956). Professor Larson states the rule as follows:

> "Assaults arise out of the employment either if the risk of assault is increased because of the nature or setting of the work, or if the reason for the assault was a quarrel having its origin in the work." 1 Larson, Workmen's Compensation Law § 11.00 (1978).

Larson also observes that

> "it is universally agreed that if the assault grew out of an argument over the performance of the work . . . the assault is compensable." *Id.* § 11.12.

The commissioner did not err in his application of law.

The entry is:

Appeal denied.

Pro forma judgment affirmed.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.

POMEROY and WERNICK, JJ., did not sit.