### Peter WALSH

v.

### KNOX COUNTY, et al.

Supreme Judicial Court of Maine.

Argued Sept. 14, 1987.
Decided Jan. 7, 1988.

Thomas S. Carey (orally), Rumford, for appellant.

Charles E. Trainor, Leonard I. Sharon (orally), Robert Laskoff, P.A., Lewiston, for appellees.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

The employee, Peter Walsh, appeals from an order of the Appellate Division of the Workers' Compensation Commission reversing the Commission's award of benefits. The issue on appeal relates solely to the sufficiency of the evidence to establish a causal connection between a mental injury and unusual work-related stress. We find inadequate evidentiary support for the required finding of causation and we affirm the judgment of the Appellate Division.

The underlying facts are as follows: The employee worked as a "contract" Deputy Sheriff for the Knox County Sheriff's Department on the Island of Vinalhaven from May 2, 1985 to July 4, 1985. Vinalhaven is

located 18 miles off the Maine coast and is accessible only by ferry. After leaving his employment because of illness, the employee filed a petition for an award of compensation alleging that he suffered stress, anxiety, and emotional and mental injury on July 4, 1985, as a result of working 12 to 14 hours a day and being on call for 24 hours with no support staff during the period of his employment.

After hearing, the Commission found that circumstances on the island essentially placed the employee on call 24 hours a day. The Commission also found that island residents were unfriendly to Walsh and to police officers in general. Moreover, it is undisputed that no jail or "lock-up" was available on the island, and that Walsh was somewhat removed from available sources of assistance or backup. The Commission found that Walsh was "subject to greater pressures or more unusual pressures than the average police officer" because of his isolated location on the island.

With regard to the question of causation, only one physician testified. A resident physician on the island testified that he examined Walsh on June 26, 1985, in connection with an application by Walsh for the Alaska State Police as well as for a certification of health and fitness for a welding inspection certificate. The doctor testified that he performed a routine physical examination and found Walsh in very good physical condition. The doctor agreed it was probable that any psychological or emotional symptoms related to stress would not be detected by such a physical examination, particularly because Walsh "wasn't there for psychological consultation."

Walsh's brother testified that he had driven Walsh, who looked "down and depressed," to the Rumford Community Hospital on July 9, 1985, where he was attended by Dr. Ankrom. Dr. Ankrom's office record, admitted into evidence, stated in relevant part that the patient has complained of "the last five days his voice in and out, ... (?) stress. No other problems. Patient has been working excessive hours ... irregular sleep pattern." The evidence also includes a record of a later visit by Walsh to his family doctor. That record notes that the patient "feels much better. Has not been back to Vinalhaven since ... [he] actually feels tense being there between ferries." No other medical evidence was offered.

The Commission found that Walsh suffered from symptoms of weight loss, sleeplessness, nervousness, loss of voice and nausea from at least July 9, 1985, to September 22, 1985, and concluded that "these symptoms were the result of anxiety and depression which were caused, at least in part, by the unusual work stresses between May 2, 1985, and July 4, 1985." On appeal, the Appellate Division concluded that the record "does not contain the requisite competent medical evidence to support the Commission's finding that Mr. Walsh's gradual mental injury was causally connected to his employment as a police officer." It is from this judgment that Walsh appeals.

We have previously observed that the purpose of the Workers' Compensation Act is "to protect workers from those injuries which 'in a just sense' relate to employment." *Townsend v. Maine Bureau of Public Safety,* 404 A.2d 1014, 1019 (Me. 1979). In dealing with mental injuries gradually resulting from employment stress, we described our task in nautical terms as navigating "between the beacon of a progressive Act and the shoals of potentially fraudulent claims." *Id.* at 1019. In *Townsend* we adopted a two-pronged test for establishing the necessary relationship between employment and mental injury.

> Where, however, the mental disability is the gradual result of work-related stresses, the claimant will have to demonstrate either that he was subjected to greater pressures and tensions than those experienced by the average employee or, alternatively, by clear and convincing evidence show that the ordinary and usual work-related pressures predominated in producing the injury.

*Id.* at 1020. Under either alternative it is necessary to establish a causal relationship

between the injury and work-related stress. Only when ordinary stress is relied upon as the cause of the injury, however, is it necessary to prove by clear and convincing evidence that the work-related stress was the predominant cause of the injury. In the present case, Walsh proceeded under the first prong of the *Townsend* formula and defendant does not challenge the Commission finding that he was subjected to unusual stress. The question remains whether the finding of a causal relationship is supported by competent evidence even under the less exacting alternative offered by *Townsend.*

The evidence supporting the Commission's finding consists entirely of Walsh's testimonial assertions of a causal relationship and the fact that the work-related stress preceded the mental injury. No medical testimony was offered to establish that the stress experienced by Walsh *could* cause the injury he exhibited, nor was medical testimony offered that the stress *did* cause the injury. The record contains no medical diagnosis or opinion. The physicians' notes received in evidence contain only a record of Walsh's comments concerning his own condition and, therefore, those notes add nothing. There is no competent evidence to support the Commission's finding that the mental injury was precipitated, as a matter of fact, by the unusual stress experienced in employment. The claimant has failed to establish that component of causation referred to as "medical cause." *See Bryant v. Masters Machine Co.,* 444 A.2d 329, 336 (Me.1982).

The entry is:

Judgment of the Appellate Division affirmed.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550 together with his reasonable out-of-pocket expenses for this appeal.

All concurring.