Linda KNOX

v.

## COMBINED INSURANCE COMPANY OF AMERICA et al.

Supreme Judicial Court of Maine.

Argued Jan. 19, 1988.

Decided June 7, 1988.

William Robitzek, Paul F. Macri (orally), Berman, Simmons & Goldberg, P.A., Lewiston, for plaintiff.

Ralph I. Lancaster (orally), Scott T. Maker, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for Combined Ins. Co.

Peter J. DeTroy, Christopher C. Taintor (orally), Norman, Hanson & Detroy, Portland, for Hunt.

Before NICHOLS,[*] ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

This matter comes to us pursuant to M.R.Civ.P. 72(c).[1] The Superior Court, Knox County, granted the motion of the defendants to report the case after denial of their motion for summary judgment. The Superior Court determined that the following question of law involved in its

---

[*] Nichols, J., sat at oral argument and participated in the initial conference but retired before this opinion was adopted.

1. Rule 72(c) reads, in its entirety:
   If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action in the Superior Court ought to be determined by the Law Court before any further proceedings are taken therein, it may on motion of the aggrieved party report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein.

order denying summary judgment ought to be determined by this court before proceeding further:

May claims for injuries resulting from assaults of a sexual nature upon, and/or sexually harassing behavior towards, an employee by a person in a supervisory capacity over that employee be compensable under the Maine Workers' Compensation Act?

The plaintiff, Linda Knox ("Knox"), a former employee of defendant Combined Insurance Company of America ("Combined"), sued Combined and Richard Hunt ("Hunt") for mental injuries caused by sexual assaults and harassments committed upon her by Hunt. During the period of the assaults, Knox was employed by Combined and Hunt was her supervisor. The injuries Knox complained of arose out of four incidents.[2] The first incident took place in early October of 1984, shortly after Knox had been hired by Hunt as a salesperson for Combined. Hunt had suggested to Knox that she attend a Combined meeting that was to be held at a hotel in New Hampshire. After a day of meetings, Knox and her boyfriend attended a Combined-sponsored dance in the evening held at the hotel. They were joined at their table by Hunt and his wife. Shortly before the dance ended, Knox excused herself to go to the bathroom. Hunt also excused himself from the table to go to the bathroom, and followed Knox. Along the way to the bathroom Knox and Hunt passed by a gym in the hotel. Hunt suggested that Knox accompany him inside so that he could explain to her the layout of the gym. Once inside, Hunt sexually assaulted Knox.

The second incident took place on October 19 in Hunt's home. Hunt had invited Knox to his home to discuss business. Although Knox was suspicious, she met Hunt in his home. Hunt attempted to assault Knox as they were discussing business in his living room. On October 22, Knox, Hunt and other Combined sales people were staying at a hotel during a sales drive in the Rockland area. That evening, Hunt again sexually assaulted Knox, after inviting her into his room to discuss business. The final incident involved Hunt making two obscene phone calls to Knox within minutes of each other on a day in December of 1984.

On May 27, 1985, Knox quit her position at Combined. On August 13, 1986, Knox filed suit against Combined and Hunt. Knox's suit was based on various common law theories of recovery. Included in her complaint were allegations of assault and battery, intentional and negligent infliction of emotional distress, and negligent supervision of Hunt by Combined. Knox sought compensatory and punitive damages for injuries, including mental injuries, resulting from Hunt's conduct. Some discovery ensued, and Knox was deposed.

This Order of Report was granted after Combined unsuccessfully sought summary judgment pursuant to M.R.Civ.P. 56(c). Combined asserted that the harm alleged by Knox was covered by the Workers' Compensation Act ("the Act"), 39 M.R.S.A. §§ 1–112 (1978 & Supp.1987), and that Knox's action was thereby barred by the Act's exclusivity provision, 39 M.R.S.A. § 28.[3] Combined specifically argued that Knox's alleged injuries were compensable under the criteria in 39 M.R.S.A. § 51(1).[4]

In support of its summary judgment motion, Combined submitted an affidavit from

---

**2.** Knox's allegations of misconduct by Hunt have been accepted as true by the defendants for purposes of this report.

**3.** 39 M.R.S.A. § 28 reads, in pertinent part:
An employee of an employer, who shall have secured the payment of compensation as provided in sections 21 to 27 shall be held to have waived his right of action at common law to recover damages for the injuries sustained by him, and under the statutes specified in section 4.
*See also* 39 M.R.S.A. § 4.

**4.** 39 M.R.S.A. § 51(1) reads, in its entirety:
If an employee who has not given notice of his claim of common law or statutory rights of action, or who has given the notice and has waived the same, as provided in section 28 receives a personal injury arising out of and in the course of his employment or is disabled by occupational disease, he shall be paid compensation and furnished medical and other services by the employer who has assented to become subject to this Act.

one of its executives, purporting to show that Combined maintained a workers' compensation insurance policy in compliance with the Act during all times pertinent to the allegations in Knox's complaint. The motion justice denied Combined's motion, ruling that, as a matter of law, injuries from sexual assaults and harassments did not fall within the purview of the Act and that therefore Knox's suit was not barred under the Act's exclusivity provision. Combined thereafter sought and obtained this Order of Report.

## I.

■ Knox urges us to discharge this report as improvidently granted. We will not accept a report under Rule 72(c) unless the question of law is one of significant importance and doubt as to require review by this court before the action is allowed to proceed any further. *Toussaint v. Perreault*, 388 A.2d 918, 920 (Me.1978); 4 M.R. S.A. § 57.

The Superior Court justice was convinced, and correctly so, that the interests of justice will be served by our accepting this report. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 72.6 at 417 (2d ed. Supp.1981). The applicability of the Workers' Compensation Act with its exclusivity provision is a threshold question that determines whether a common law civil action can proceed at all. *See McKellar v. Clark Equip. Co.*, 472 A.2d 411 (Me.1984); *Davis v. Bath Iron Works*, 338 A.2d 146 (Me. 1975).

Although the interlocutory order in the Superior Court was the denial of a motion for summary judgment, ordinarily not appealable, *General Elec. Credit Corp. v. Smith*, 230 A.2d 414, 414 (Me.1967), the question involved in the order, identified by the Superior Court justice as significant and prompting us to accept this report, is whether the Workers' Compensation Act

applies at all to sexual assaults and acts of sexual harassment. Given the increasing number of women in the workplace, it is an issue surely to arise in the future as employees seek compensation for such acts either under the Act or in civil suits. In addition, it is a question that has been decided differently by different jurisdictions. *See Lui v. Intercontinental Hotels Corp.*, 634 F.Supp. 684 (D.Hawaii 1986); *Schwartz v. Zippy Mart, Inc.*, 470 So.2d 720 (Fla.Dist.Ct.App.1985), holding that sexual assaults are covered by workers' compensation acts and barring civil suits under exclusivity provisions of those acts. *But see O'Connell v. Chasdi*, 400 Mass. 686, 511 N.E.2d 349 (1987); *Murphy v. ARA Services*, 164 Ga.App. 859, 298 S.E.2d 528 (1982), holding that civil suits for sexual assaults are not barred by workers' compensation acts.

Although the Act's applicability to particular sexual assaults or acts of sexual harassment will have to be determined by the facts of each case, whether the Act can apply at all to *any* case involving a sexual assault or act of sexual harassment is a legal question appropriate for resolution on report.

## II.

■ Injuries arising from assaults have been held to be compensable under the Act. *See Wentzell v. Webster Rubber Co.*, 398 A.2d 393, 395–96 (Me.1979); *Ramsdell v. Naples*, 393 A.2d 1352, 1354–55 (Me.1978); *Petersen's Case*, 138 Me. 289, 292, 25 A.2d 240, 241 (1942). We see no reason to draw a distinction between sexual assaults and non-sexual assaults for purposes of coverage under the Act. Like other assaults, sexual assaults constitute a violent invasion of a person's bodily integrity, and under the right set of facts, mental or physical injuries from a sexual assault could be compensable injuries under the Act.[5] Like-

---

5. The injuries alleged to have been suffered by Knox as the result of assault and harassment include mental injuries. Mental injuries are compensable under the Workers' Compensation Act provided that the criteria set out in 39 M.R. S.A. § 51(1) are met. For purposes of determining compensability under the Act, gradual work-

related mental injuries are assessed differently than mental injuries arising suddenly, under the test set out in *Townsend v. Maine Bureau of Pub. Safety,* 404 A.2d 1014, 1019–20 (Me.1979). *See also Walsh v. Knox County,* 535 A.2d 438 (Me.1988).

wise, injuries resulting from acts of sexual harassment are not excluded from the Act's coverage solely because of the sexual nature of the harassment.

In order for an injury to be compensable under the Workers' Compensation Act, 39 M.R.S.A. § 51(1) requires that a worker 1) suffer a personal injury, 2) that arises out of and 3) in the course of the employment.

Traditionally, the "arising out of" and "in the course of" employment have been separate and distinct considerations. *See Comeau v. Maine Coastal Services,* 449 A.2d 362, 365 (Me.1982). We pointed out in *Comeau,* however, that *both* components must be harmonized and all relevant factors analyzed to make a proper determination as to whether the injury is sufficiently work-related, so it can be said to have been suffered both *"while* and *because"* the employee was at work. *Comeau,* 449 A.2d at 366 (emphasis in original). We pointed out that the purpose of the Act was to require the industry to bear "those losses which can properly be said to be a consequence of industrial activity." *Id.* Injuries not sufficiently work-related, that "are a consequence of life in general" are not covered by the Act, *id.,* and thus not subject to its exclusivity provision.

Assault cases are similar to other cases where an employee suffers a personal injury, in that the question to be determined by the factfinder is whether there is "some causal connection between the conditions under which the employee worked and the injury he received." *Chase v. White Elephant Restaurant,* 418 A.2d 175, 176 (Me. 1980), quoting *Westman's Case,* 118 Me. 133, 143, 106 A. 532, 537 (1919). One general test that can be helpful in determining whether injuries caused by an intentional assault are sufficiently work-related is the one used in *Ramsdell:*

Assaults arise out of employment either if the risk of assault is increased because of the nature or setting of the work, or if the reason for the assault was a quarrel having its origin in the work.

*Ramsdell,* 393 A.2d at 1355, quoting 1 Larson, *Workmen's Compensation Law,* § 11.00 (1978).[6]

We pointed out in *Comeau* that more than a few factors or one test may be used in determining that an injury is or is not work connected to such a degree that it falls under the purview of the Act. *Comeau,* 449 A.2d at 366–67. Necessarily involved in that determination, whether by a court ruling on the applicability of the exclusivity provision of the Act, as in this case, or by a Workers' Compensation commissioner deciding if the injury is covered by the Act, are factual findings that we as an appellate court are ill-suited to make. *See Wescott v. S.D. Warren Div. of Scott Paper,* 447 A.2d 78, 80 (Me.1982); *Bryant v. Masters Mach. Co.,* 444 A.2d 329, 333 (Me.1982); *Brough v. Bell Pike Northeast,* 440 A.2d 365, 366 (Me.1982); *Madore v. Bangor Roof & Sheet Metal Co.,* 428 A.2d 1184, 1187 (Me.1981). There may be no objective "correct conclusion" as to the applicability of the Act and different factfinders may decide similar cases differently. That is the nature of judicial and administrative dispute resolution. Our task as an appellate court, in reviewing a case from the trial court or from the commission, is to determine whether the decision of the trial court or the commission "is permissible on the record before us." *Comeau,* 449 A.2d at 369.

Although claims for an employee's injuries resulting from sexual assaults and sexual harassment by a supervisor may be compensable under the Act, depending on whether there is a sufficient relationship between the injury and the employment so as to make the injury arise out of and in the course of the employment, that uniquely factual determination must be made by the trial court.

In this case the Superior Court justice denied defendants' motion for summary

---

**6.** Here, Combined contends that the risk of sexual assault to Knox was increased by the social settings in which much of her work was conducted, and that the requirement of her presence in hotels and in Hunt's home provides a causal connection between her working conditions and her injuries. *Chase,* 418 A.2d at 176.

judgment. He ruled that assaults and harassments of a sexual nature are not covered by the Workers' Compensation Act as a matter of law and did not make a factual determination as to whether these particular assaults and harassments are sufficiently work-related to have been suffered while and because of Ms. Knox's employment. *Comeau*, 449 A.2d at 366. On remand, that determination must be made by the trial court.

The entry is:

Order on Summary Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.