**Sheila FRANK, Plaintiff,**

v.

**L.L. BEAN, INC. and Does 1–100, Defendants.**

**No. 04–CV–221–P–S.**

United States District Court, D. Maine.

Jan. 14, 2005.

Daniel G. Lilley, Daniel G. Lilley Law Offices, P.A., Portland, OR, for Sheila Frank.

Daniel A. Nuzzi, Brann & Isaacson, Peter J. Brann, Brann & Isaacson, Lewiston, ME, for LL Bean Inc, Does 1–100.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

SINGAL, Chief Judge.

Before the Court is Defendant L.L. Bean's Motion Dismiss (Docket # 5) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. After reviewing the parties' submissions, the Court GRANTS the Motion to Dismiss as to Counts III, IV, V, VI, and VII of Plaintiff's First Amended Complaint. The case will proceed on Counts I and II.

Plaintiff Sheila Frank brought this suit against her former employer, Defendant L.L. Bean, Inc., alleging she was sexually harassed and discriminated against while employed by Defendant.[1] Plaintiff's First Amended Complaint (Docket # 2) alleges seven claims against Defendant, including sexual harassment, gender discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* and the Maine Human Rights Act, 5 M.R.S.A. §§ 4571–72 (Counts I and II respectively), intentional infliction of emotional distress (Count III), negligent infliction of emotional distress (Count IV), punitive damages (Count V), negligent hiring, supervision and retention (Count VI), and vicarious liability (Count VII). Defendant has moved to dismiss Counts III, IV and VI under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on the grounds that Defendant is exempt from liability for common law torts under the Maine Workers' Compensation Act, 39–A M.R.S.A § 101 *et seq.* In addition, Defendant has moved to dismiss Counts V, VI, and VII under Rule 12(b)(6) for failing to state a claim upon which relief can be granted. Defendant argues that these counts are not recognized causes of action in Maine.

## I. FACTUAL BACKGROUND

For purposes of a motion to dismiss under Rule 12(b)(6), the Court accepts Plaintiff's well-pleaded factual averments and "draws all inferences reasonably extractable from the pleaded facts in the manner most congenial to the plaintiff's theory." *Roth v. United States,* 952 F.2d 611, 613 (1st Cir.1991). Furthermore, since Defendant's motion to dismiss under 12(b)(1) challenges the sufficiency of Plaintiff's jurisdictional allegations rather than their accuracy, the Court, for the purpose of this motion, accepts Plaintiff's factual averments. *See Valentin v. Hosp. Bella Vista,* 254 F.3d 358, 363 (1st Cir.2001).

---

1. Plaintiff's First Amended Complaint also names "Does 1–100" as defendants in this matter. However, Plaintiff does not make any allegations against these Defendants in her Complaint, nor does she explain who these defendants might be. Therefore, for purposes of this order, "Defendant" refers solely to L.L. Bean, Inc., the only defendant presently before the Court.

Plaintiff was employed by Defendant between October 1993 and April 2003. Beginning in 2001, David Allen, the newly-hired supervisor of Plaintiff's division, "consistently and constantly made inappropriate, lewd, and derogatory comments and jokes about women" in Plaintiff's presence. (Pl's First Am. Compl. (Docket # 2) ¶ 15.) Although Plaintiff complained to a senior manager about Mr. Allen's behavior, no action was taken against him. Furthermore, after learning of her complaint, Mr. Allen threatened Plaintiff and "singl[ed] her out for abuse." (Pl's First Am. Compl. ¶¶ 20–21.) Mr. Allen was eventually terminated for sexual harassment in November 2002, but not before he prevented Plaintiff from receiving a promotion and caused her to suffer panic attacks as well as other mental and emotional problems. In addition, after Mr. Allen's termination, Defendant engaged in "a systematic campaign to discredit Plaintiff and force her removal" until Plaintiff left L.L. Bean on medical leave in April 2003. Plaintiff does not allege that any of this harassment took place outside the context of her employment.

In addition to the facts averred in the First Amended Complaint, the Court accepts Defendant's representation that Plaintiff was covered at all relevant times by workers' compensation insurance. (*See* Whiting Decl. (Ex. 1 to Docket # 5) ¶ 4.) Plaintiff does not dispute this fact, and the Court may properly consider it for purposes of Defendant's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. *See Gonzalez v. Unit-*

*ed States,* 284 F.3d 281, 288 (1st Cir.2002) ("While the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule 12(b)(1) motion").

## II. DISCUSSION

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant moves to dismiss the common law claims in Counts III, IV, and VI for lack of subject matter jurisdiction. Defendant argues that the Maine Workers' Compensation Act exempts it from liability for these common law torts. The Court agrees.

 The Maine Workers' Compensation Act shields employers from tort liability for workplace injuries if they obtain workers' compensation insurance for their employees. 39-A M.R.S.A. § 104. Maine courts have held that this exemption applies not only to negligence, but to intentional torts as well. *Li v. C.N. Brown Co.,* 645 A.2d 606, 608 (Me.1994). Furthermore, the Law Court has specifically held that common law claims for intentional infliction of emotional distress, negligent infliction of emotional distress and negligent supervision arising from incidents of sexual harassment may be covered by the Act if the harassment is sufficiently "work-related." *Knox v. Combined Ins. Co. of America,* 542 A.2d 363, 366 (Me.1988). In order for the injury to be "work-related" under the Act, it must "arise out of" and be "in the course of" employment.[2] 39-A

2. The text of the statute reads:
 An employer who has secured the payment of compensation in conformity with sections 401 to 407 is exempt from civil actions, either at common law or under sections 901 to 908; Title 14, sections 8101 to 8118; and Title 18-A, section 2-804, involving personal injuries sustained by an employee arising out of and in the course of employment, or for death resulting from those injuries.... These exemptions from liability apply to all employees, supervisors, officers and directors of the employer for any personal injuries arising out of and in the course of employment, or for death resulting from those injuries.
 39-A M.R.S.A. § 104.

M.R.S.A. § 104; *see also Comeau v. Maine Coastal Services,* 449 A.2d 362, 365 (Me.1982). In other words, the injury must be "suffered both while and because the employee was at work." *Knox,* 542 A.2d at 366.

■ Plaintiff seeks to preserve her tort claims by arguing that her injuries were not arising out of and in the course of her employment. She notes that the question of whether an injury is work-related must be analyzed on a "case by case basis, weighing each fact situation to decide whether the totality of the circumstances make the activity employment-related." *Dorey v. Forster Mfg. Co.,* 591 A.2d 240, 242 (Me.1991). However, Plaintiff is attempting to thread a thin needle by suggesting that her injuries are both work-related enough to present valid workplace harassment and discrimination claims under state and federal law, and yet not so work-related as to be covered by the Workers' Compensation Act. While the Law Court has suggested that such a showing is possible, *see Knox,* 542 A.2d at 366 (remanding a sexual harassment case to the trial court for additional fact finding to determine whether the plaintiff's common law claims are within the scope of the Workers' Compensation Act), the Court is confident that Plaintiff's Complaint does not make such a showing, even if all reasonable inferences are drawn in her favor.

■ Plaintiff alleges no facts in her Complaint that place her injuries outside the scope of the Workers' Compensation Act as it has been interpreted by Maine courts. *Comeau* lays out several non-exclusive factors for determining whether an injury is work-related. These factors include: whether the employee was promoting an interest of the employer at the time of the injury, whether the employee's activities were within the terms, conditions or customs of the employment, whether the hazard or causative condition can be viewed as employer or employee created, whether the actions of the employee were unreasonably reckless or created excessive risks or perils, and whether the injury occurred on the premises of the employer. *See Comeau,* 449 A.2d at 367.

■ In this case, Plaintiff was not acting outside the scope of her job duties when she was subjected to harassment. Plaintiff admits that all the harassment occurred on L.L. Bean premises. Furthermore, Plaintiff specifically avers that Defendant caused the harassment by negligently supervising its employees and failing to respond to repeated complaints. Given the nature of Plaintiff's allegations, the *Comeau* factors clearly cut against her argument that workers' compensation does not apply.

Plaintiff's arguments to the contrary are unpersuasive. Characterizing sexual harassment injuries as arising from employment is not "blaming the victim," as Plaintiff suggests. (*See* Opp'n to Def.'s Mot. to Dismiss at 7.) Rather, the *Comeau* factors indicate that injuries are more likely to be considered work-related when the employee is not blameworthy. Similarly, sexual harassment in the workplace is not "a consequence of life in general" as Plaintiff claims. (*Id.*) (citing *Dorey v. Forster Manufacturing Co.,* 591, A.2d 240, 242 (Me.1991).) To the contrary, it is difficult to think of a claim that is more intrinsically work-related than sexual harassment alleged to have created a hostile work environment.

Plaintiff also argues that the injury was not work-related because the "activity causing the injury" was not "implied into the contract of employment." (*Id.* at 8 (citing *Dorey,* 591 A.2d at 242).) Plaintiff characterizes the "activity causing the injury" as "tolerance of sexual harassment and a hostile work environment." (*Id.*) However, it is clear from the case law that

the "activity" in question in this factor is not tortious conduct of the harasser or the attitude of the victim toward the harassment but the activity that the victim was engaged in when she suffered the injury. *See Dorey,* 591 A.2d at 242 (holding that an employee's visit to the office solely to retrieve medical documents for a workers' compensation claim was not an activity implied into the contract of employment). In this case, there is no indication that Plaintiff was engaged in activities unrelated to work when she was injured by the alleged harassment.

Plaintiff claims that her injuries did not "arise out of employment and in the course of employment as the origins, source, or cause of the injury was not employment but the unrestrained abusive and demeaning actions of L.L. Bean employees." (Opp'n to Def.'s Mot. to Dismiss at 8.) This argument is also without merit. The gravaman of Plaintiff's complaint is that Defendant failed in its legal duty to protect her from sexual harassment at work as well as its duty to properly hire and supervise its employees.[3] These duties are fundamentally work-related, and to the extent Defendant's failure to uphold them injured the Plaintiff, those injuries must be considered to have their "origins, source, or cause" in Plaintiff's employment.

Finally, Plaintiff argues that her injuries are not covered by the Act to the extent that they stem from discrimination rather than harassment. Plaintiff cites *Caldwell v. Federal Express Corp.,* in which another court in this district stated in dicta that it was "skeptical as to whether torts based on employment discrimination fall within the ambit of the Workers' Compensation Act." 908 F.Supp. 29, 33 (D.Me.1995). However, Plaintiff can cite no case in which any Maine court—state or federal—

has actually held that torts based on employment discrimination are not covered by workers' compensation. Indeed, the same judge that decided *Caldwell* ruled in a later case that common law claims for emotional distress linked to a workplace discrimination claim under the Americans With Disabilities Act were barred by the Workers' Compensation Act. *See Williams v. HealthReach Network,* Civil No. 99-0030-B, 2000 WL 760742, 2000 U.S. Dist. LEXIS 9695, *40-*41 (D.Me. Feb. 22, 2000). Given the lack of case law to the contrary, the Court sees no reason for distinguishing between harassment and discrimination claims for purposes of determining immunity under the Workers' Compensation Act.

**B. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted**

Defendant moves to dismiss Counts V, VI, and VII for failing to state claims upon which relief can be granted. *See* Fed. R.Civ.P. 12(b)(6). These claims are for punitive damages, negligent hiring and supervision, and vicarious liability, respectively. As discussed above, Count VI for negligent hiring and supervision is dismissed for lack of subject matter jurisdiction. Counts V and VII should likewise be dismissed under Rule 12(b)(6).

*1. Punitive Damages.*

■ Defendant is correct that punitive damages is not a separate and distinct cause of action under Maine law. Rather, it is a type of remedy. *See South Port Marine, LLC v. Gulf Oil Limited Partnership,* 234 F.3d 58, 64 (1st Cir.2000); *Connors v. Town of Brunswick,* Civil No. 99-331-P-C, 2000 WL 1175641, 2000 U.S. Dist. LEXIS 12253, *40 (D.Me. Aug.16,

---

**3.** Defendant disputes that Maine has recognized a tort for negligent hiring and supervi- sion.

2000) ("A claim for punitive damages does not constitute a separate and distinct cause of action and that the defendants are entitled to summary judgment as to Count VI on that ground alone."). Accordingly, Count V must be dismissed. However, Plaintiff may pursue a punitive damages remedy against Defendant on Counts I and II if she can make the proper showing at trial. In addition, Plaintiff may still rely upon the factual averments in her First Amended Complaint regarding punitive damages.

#### 2. Vicarious Liability

Like punitive damages, vicarious liability is not a separate and distinct cause of action. Rather, vicarious liability is a theory of imputation by which an employer may be held responsible for the tortious acts of its employees. *See Care v. Reading Hosp. and Med. Center,* Civil No.2003–CV–04121, 2004 WL 728532, 2004 U.S. Dist. LEXIS 5485, *38 (E.D.Pa. March 31, 2004) ("[R]espondeat superior merely connotes a doctrine of imputation once an underlying theory of liability has been established. It is not a separate cause of action"). *See generally* Restatement (Second) of Agency § 219. Since vicarious liability is only meaningful insofar as it is asserted in support of a valid cause of action, Count VII must be dismissed under Rule 12(b)(6). However, Plaintiff may still pursue a theory of vicarious liability in support of her surviving claims to the extent permitted by law and may rely on the factual averments set forth in her First Amended Complaint regarding this theory.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Counts III, IV, V, VI, and VIII is GRANTED. This case will proceed on Counts I and II only. Plaintiff's claims of vicarious liability and punitive damages are preserved insofar as they are applicable to Counts I and II, as are the factual allegations made in support of these theories.

SO ORDERED.